JOSH A. KREVITT (SBN 208552)
jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000
Fax:  (212) 351-4035

Y. ERNEST HSIN (SBN 201668)
ehsin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105-0921
Tel: (415) 393-8224
Fax: (415) 374-8436

WAYNE BARSKY (SBN 116731)
wbarsky@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East, Suite 4000
Los Angeles, CA 90067-3026
Tel: (310) 557-8183
Fax: (310) 552-7010

STUART ROSENBERG (SBN 239926)
srosenberg@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel: (650) 849-5389
Fax: (650) 849-5089

Attorneys for Plaintiff Fitbit, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

FITBIT, INC.,

                    Plaintiff,

      v.

KONINKLIJKE PHILIPS N.V.,

                Defendant.

Case No.

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Fitbit, Inc. ("Fitbit") for its complaint against Koninklijke Philips N.V. ("Defendant" or "Philips" and a.k.a. "Royal Philips") alleges and states as follows:

## THE PARTIES

1.      Fitbit is a Delaware corporation with its principal place of business located at 405 Howard Street, San Francisco, CA 94015.

2.      On information and belief, Koninklijke Philips N.V. is a corporation duly organized and existing under the laws of the Netherlands with its principal place of business at High Tech Campus 5, 5656 AE Eindhoven, the Netherlands.

## JURISDICTION AND VENUE

3.      This action for declaratory judgment arises under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4.      This Court has personal jurisdiction over Defendant Koninklijke Philips N.V. pursuant to, inter alia, California Code of Civil Procedure § 410.10 and/or Federal Rule of Civil Procedure 4(k)(2), including because Philips engages in regular business in the United States and State of California, including business concerning the Patents-in-Suit and this dispute as defined below.

5.      Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b), (c).

## PATENTS-IN-SUIT

6.      U.S. Patent No. 7,845,228 (the "'228 Patent"), entitled "Activity Monitoring," was issued by the U.S. Patent and Trademark Office on December 7, 2010.  Philips has alleged that the '228 patent is assigned to Koninklijke Philips N.V.  A copy of the '228 patent is attached as **Exhibit A**.

7.      U.S. Patent No. 9,820,698 (the "'698 Patent"), entitled "Actigraphy Methods and Apparatuses" was issued by the U.S. Patent and Trademark Office on November 21, 2017.  Philips has alleged that the '698 patent is assigned to Koninklijke Philips N.V.  A copy of the '698 patent is attached as **Exhibit B**.

Gibson, Dunn &
Crutcher LLP

8.      U.S. Patent No. 9,717,464 (the "'464 Patent"), entitled "Continuous Transdermal Monitoring System and Method" was issued by the U.S. Patent and Trademark Office on August 1, 2017.  Philips has alleged that the '464 patent is assigned to Koninklijke Philips N.V.  A copy of the '464 patent is attached as **Exhibit C**.

9.      The '228 patent, '698 patent, and '464 patent are collectively referred to herein as the "Patents-in-Suit."

## BACKGROUND

10.     Plaintiff Fitbit is globally recognized technology company headquartered in San Francisco and focused on delivering health solutions that impact health outcomes.  Fitbit's mission is to empower and inspire users to live healthier, more active lives.  Fitbit designs and sells products that fit seamlessly into users' lives so that consumers can achieve their health and fitness goals.

11.     Fitbit's line of wearable smartwatches and trackers includes the Fitbit Charge 3™, Fitbit Inspire™, Fitbit Inspire HR™, and Fitbit Ace 2™ activity trackers, in addition to the Fitbit Ionic™, Fitbit Versa 2™ and Fitbit Versa Lite Edition™ smartwatches.  Fitbit's advanced family of smartwatches and trackers are the result of Fitbit's investment of hundreds of millions of dollars per year in research and development (including in this judicial district), resulting in numerous technological advances and hundreds of patents worldwide.  Based on Fitbit's research and design, its smartwatches and trackers are widely recognized as among the best and most advanced products of their type.  *See, e.g.*, https://www.fitbit.com/us/buzz.

12.     Fitbit smartwatches and trackers enable users to view data about their daily activity, exercise, and sleep.  Fitbit's software and services, which include an online dashboard and mobile app, provide its users with data analytics, motivational and social tools, and virtual coaching through customized fitness plans and interactive workouts.  These devices track users' daily steps, calories burned, distance traveled, and active minutes, and display real-time feedback to encourage users to become more active in their daily lives.  Together, Fitbit's devices, services, and software have helped millions of users on their health and fitness journeys be more active, sleep better, eat smarter, and manage their weight.

COMPLAINT FOR DECLARATORY JUDGMENT                                              3
Case No.

13.     Fitbit's smartwatches and trackers thus enable a wide range of people to get fit their own way, whatever their interests and goals.  Fitbit's users range from people interested in improving their health and fitness through everyday activities, to endurance athletes seeking to maximize their performance.  To address this wide range of needs, through its research and development, Fitbit designs its devices to create powerful yet easy to use products that fit seamlessly into peoples' daily lives and activities.  As a result of Fitbit's efforts and research, its smartwatches and trackers have aided millions of people in meeting their fitness and health goals, including in California and this judicial district.

14.     On December 10, 2019, Defendant Philips, in conjunction with its subsidiary Philips North America, LLC, filed a Complaint with the United States International Trade Commission, and directed it to be served on Fitbit at its headquarters in San Francisco.  Philips's ITC Complaint seeks to bar importation or sale of Fitbit's entire current line of smartwatches and trackers as allegedly infringing Philips's Patents-in-Suit.  *See* **Exhibit D** (Philips ITC Complaint).  Philips's Complaint also seeks a permanent cease-and-desist order barring Fitbit from "marketing, advertising, demonstrating, … offering for sale, selling, distributing, or using" its entire current line of smartwatches and trackers, including in California and in this judicial district.  *See id.* ¶¶ 4–5. According to Philips, its own products practice the Patents-in-Suit (which it variously developed, markets, sells, and offers for sale in the United States, including in California and in this judicial district).  *See id.* at Complaint ¶¶ 6–20, 232–245.  Philips asserts that its "Lifeline," "Motion Biosensor," "Connected Sensing," and "Sleep Diagnostics" products sold throughout the United States variously practice the Patents-in-Suit, and that the alleged "unauthorized use of [its] patented inventions by Fitbit" is an "unlawful and unfair" act that threatens Philips's own U.S. domestic industry commercializing these patents. *See id.*[1]

---

[1]     *Cf.* https://www.lifeline.philips.com/; http://www.actigraphy.com/solutions/actigraphy.html; https://www.usa.philips.com/healthcare/innovation/research-and-exploration/connected-sensing https://www.usa.philips.com/healthcare/solutions/sleep/sleep-diagnostics.

COMPLAINT FOR DECLARATORY JUDGMENT                                                        4
Case No.

15.     Although Fitbit vigorously denies Philips's allegations of infringement, *see* **Exhibit E** (Fitbit Response), Philips nevertheless continues to seek to disrupt Fitbit's business and keep Fitbit's health-promoting products from the public based on patents that Fitbit's products do not infringe.

16.     Given the above, there is a substantial and present controversy between Fitbit and Philips.  Fitbit and Philips have adverse legal interests with respect to the question of infringement of the Patents-in-Suit.  Given the above, this dispute between Fitbit and Philips is immediate and real.

## COUNT I

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '228 PATENT

17.     Fitbit incorporates the preceding paragraphs as if fully set forth herein.

18.     Fitbit's smartwatches and trackers have not infringed and do not infringe any claim of the '228 patent.

19.     None of Fitbit's smartwatches and trackers meet all of the claim elements recited in any claim of the '228 patent.  For example, contrary to allegations made by Philips, none of Fitbit's smartwatches and trackers comprise the "activity monitor" claimed in claim 1 of the '228 patent, including "a processor operable to receive the sensor signals from the measurement unit and to process the sensor signals in accordance with a predetermined method, characterized in that the activity monitor is operable to monitor and process the sensor signals discontinuously in time and the processor is operable to monitor the sensor signals in turn."  Neither do any of Fitbit's smartwatches and trackers comprise the activity monitor of claim 1 "wherein the measurement unit is operable to output the sensor signals discontinuously in time" as recited in claim 2 of the '228 patent.

20.     Fitbit's smartwatches and trackers similarly do not comprise the activity monitor of claim 1 "wherein the processor is operable to monitor the sensor signals discontinuously in time" as recited in claim 3 of the '228 patent.  Further, none of Fitbit's smartwatches and trackers are used to perform the "method of monitoring activity" claimed in claim 8 of the '228 patent, including "receiving the sensor signals and processing the sensor signals in accordance with a predetermined method, characterized in that the sensor signals are monitored and processed discontinuously in time and the sensor signals are monitored in tum."

COMPLAINT FOR DECLARATORY JUDGMENT                                              5
Case No.

Gibson, Dunn &
Crutcher LLP

21.     Fitbit is thus entitled to a declaration pursuant 28 U.S.C. §§ 2201 and 2202 that Fitbit's smartwatches and trackers do not infringe any claim of the '228 patent.

## COUNT II

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '698 PATENT

22.     Fitbit incorporates the preceding paragraphs as if fully set forth herein.

23.     Fitbit's smartwatches and trackers have not infringed and do not infringe any claim of the '698 patent.

24.     None of Fitbit's smartwatches and trackers meet all of the claim elements recited in any claim of the '698 patent.  For example, contrary to allegations made by Philips, none of Fitbit's smartwatches and trackers comprise the "physiological monitoring device" claimed in claim 1 of the '698 patent, including "an electronic digital signal processing (DSP) device configured to perform operations including: computing a body motion artifact (BMA) signal as a function of time from the non-body motion physiological parameter signal, and computing an actigraphy signal as a function of time from the BMA signal."  Neither do any of Fitbit's smartwatches and trackers comprise the physiological monitoring device of claim 1 "wherein computing a BMA signal as a function of time from the non-body motion physiological parameter signal comprises computing a local signal variance signal from the non-body motion physiological parameter signal" as recited in claim 6 of the '698 patent.

25.     Further, none of Fitbit's smartwatches and trackers comprise the "non-transitory storage medium storing instructions readable and executable by an electronic data processing device to perform a physiological monitoring method" claimed in claim 14 of the '698 patent, including "computing a body motion artifact (BMA) signal comprising one of a local signal power signal, a local signal variance signal, a Short-Time Fourier Transform (STFT) signal, and a wavelet transform signal as a function of time from a non-body motion physiological parameter signal as a function of time for a physiological parameter other than displacement, acceleration, and velocity wherein a BMA signal sample is computed for each time window of a succession of time windows; and computing an actigraphy signal as a function of time from the BMA signal."

Gibson, Dunn &
Crutcher LLP

26. Further, none of Fitbit's smartwatches and trackers comprise the "physiological monitoring device" claimed in claim 18 of the '698 patent, including "at least one processor programmed to: compute a body motion artifact (BMA) signal as a function of time from the non-body motion physiological parameter signal; applying a linear transform to the BMA signal; compute an actigraphy signal as a function of time from the applied linear transform BMA signal."

27. Fitbit is thus entitled to a declaration pursuant 28 U.S.C. §§ 2201 and 2202 that Fitbit's smartwatches and trackers do not infringe any claim of the '698 patent.

## COUNT III

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '464 PATENT

28. Fitbit incorporates the preceding paragraphs as if fully set forth herein.

29. Fitbit's smartwatches and trackers have not infringed and do not infringe any claim of the '464 patent.

30. None of Fitbit's smartwatches and trackers meet all of the claim elements recited in any claim of the '464 patent.  For example, contrary to allegations made by Philips, none of Fitbit's smartwatches and trackers are used to perform the "method for minimizing the effects of motion artifact on sensor readings taken during continuous transdermal monitoring of a body part in motion" claimed in independent claim 1 of the '464 patent, including "monitoring, with a processor, an output signal from an accelerometer, wherein the output signal indicates acceleration and deceleration of the body part of a user as the body part is in motion; determining, with the processor, that the output signal is within a predetermined range that includes indication of acceleration and deceleration, wherein indication of acceleration and deceleration corresponds with a motion direction change of the body part in motion; based on the determination that the output signal is within the predetermined range, monitoring, with the processor, a plurality of readings from a sensor, wherein monitoring the plurality of readings from the sensor occurs over a time window that coincides with the output signal remaining within the predetermined range; and recording in a memory device the monitored plurality of readings from the sensor."  Similarly, none of Fitbit's smartwatches and trackers are used to

Gibson, Dunn &
Crutcher LLP

perform "[t]he method of claim 1, wherein the accelerometer is a 3-axis accelerometer" as recited in claim 6 of the '464 patent.

31.     Further, none of Fitbit's smartwatches and trackers comprise the "system for minimizing the effects of motion artifact on sensor readings taken during continuous transdermal monitoring of a body part in motion" claimed in claim 8 of the '464 patent, including "a sensor package comprising a processor, an accelerometer, a sensor and a memory device, the sensor package configured to: monitor an output signal from the accelerometer, wherein the output signal indicates acceleration and deceleration of the body part of a user as the body part is in motion; determine that the output signal is within a predetermined range that includes indication of acceleration and deceleration, wherein indication of acceleration and deceleration corresponds with a motion direction change of the body part in motion; based on the determination that the output signal is within the predetermined range, monitor a plurality of readings from the sensor, wherein the monitored plurality of readings from the sensor occurs over a time window that coincides with the output signal remaining within the predetermined range; and record the monitored plurality of readings from the pulse oximeter in the memory device."

32.     Further, none of Fitbit's smartwatches and trackers comprise the "computer program product comprising a non-transitory computer usable medium having a computer readable program code embodied therein, said computer readable program code adapted to be executed by a processor and cause the processor to implement a method for minimizing the effects of motion artifact on sensor readings taken during continuous transdermal monitoring of a body part in motion" claimed in claim 15 of the '464 patent, including "monitoring an output signal from an accelerometer, wherein the output signal indicates acceleration and deceleration of the body part of a user as the body part is in motion; determining that the output signal is within a predetermined range that includes indication of acceleration and deceleration, wherein indication of acceleration and deceleration corresponds with a motion direction change of the body part in motion; based on the determination that the output signal is within the predetermined range, monitoring a plurality of readings from a sensor, wherein monitoring the plurality of readings from the sensor occurs over a time window that coincides with

Gibson, Dunn &
Crutcher LLP

the output signal remaining within the predetermined range; and recording the monitored plurality of readings from the sensor."

33.     Fitbit is thus entitled to a declaration pursuant 28 U.S.C. §§ 2201 and 2202 that Fitbit's smartwatches and trackers do not infringe any claim of the '464 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Fitbit respectfully requests that this Court enter judgment in its favor as follows:

a)     Declaring that Fitbit's smartwatches and trackers have not infringed and do not infringe any claim of Philips's Patents-in-Suit; and

b)     Declaring this to be an exceptional case and awarding Fitbit its costs, expenses, and disbursements in this action, including reasonable attorney fees, pursuant to 28 U.S.C. § 285.

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

9

1

2      Dated:  April 2, 2020

3                                                         __/s/  Stuart Rosenberg__
                                                GIBSON, DUNN & CRUTCHER LLP
4
                                                JOSH A. KREVITT (SBN 208552)
5                                               jkrevitt@gibsondunn.com
                                                200 Park Avenue, 47th Floor
6                                               New York, NY 10166
                                                Tel:  (212) 351-4000
7                                               Fax:  (212) 351-4035

8
                                                WAYNE BARSKY (SBN 116731)
9                                               wbarsky@gibsondunn.com
                                                2029 Century Park East, Suite 4000
10                                              Los Angeles, CA 90067-3026
                                                Tel: (310) 557-8183
11                                              Fax: (310) 552-7010

12
                                                Y. ERNEST HSIN (SBN 201668)
13                                              EHsin@gibsondunn.com
                                                555 Mission Street
14                                              San Francisco, CA 94105-0921
                                                Tel: (415) 393-8224
15                                              Fax: (415) 374-8436

16                                              STUART ROSENBERG (SBN 239926)
                                                SRosenberg@gibsondunn.com
17                                              1881 Page Mill Road
                                                Palo Alto, CA 94304-1211
18                                              Tel: (650) 849-5389
                                                Fax: (650) 849-5089
19
                                                *Attorneys for Plaintiff Fitbit, Inc.*
20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT                                          10
Case No.